## SUPREME COURT.

THE PEOPLE *ex. rel.* THOMAS GODWIN agt. THE AMERICAN INSTITUTE of the city of New York.

Where a *corporation* in their by-laws adopt the rules in Cushing's Manual for the government of all debates of its members, and no other provision is made on that subject in the by-laws, Cushing's Manual must control the members of the corporation in that matter.

That provides that if offensive words are not taken notice of *at the time they are spoken,* but the member is allowed to finish his speech, and then any other person speaks, or any other matter of business intervenes, before notice is taken of the words which gave offense, the words are not to be written down, nor the member using them censured.

Therefore. where a member in debate, at a meeting of the corporation, uses what are considered offensive and improper words, which are not objected to or noticed at the time or during the meeting, he cannot be tried and expelled for using those words upon charges made at a subsequent meeting. Such expulsion is irregular and without authority.

*Special Term, New York, April, 1873.*
MOTION by relator for a mandamus.

S. G. COURTNEY, *for relator.*
E. N. DICKERSON, *for respondents.*

FANCHER, *J.*—The respondents were incorporated by an act of the legislature of the state of New York, passed May 2, 1829, and are owners of real and personal estate of large value. The relator was on the 12th November, 1846, elected a life-member of the corporation, and continued to hold such relation to the corporation until June 6th, 1872, when he was expelled for an alleged violation of the by-laws of the corporation.

The relator alleges, that his expulsion was without cause;

but the respondents assert that the cause of expulsion was sufficient, and that the proceedings of the corporation which involved the expulsion, were authorized by their charter and by-laws; and they further contend that their proceedings are not open to revision on mandamus.

By virtue of his membership an interest in the property of the corporation was vested in the relator, and he cannot be deprived of it, without his consent or due process of law. When he became a member of the corporation he assented to the by-laws adopted for its government, and he has no right to complain if there has been a fair and proper administration of the by-laws in his case; but if the by-laws have not been observed, he has been improperly expelled, and this court has the power, and should exercise it, to reinstate by mandamus (*The People ex. rel. Price* agt. *Am. Institute*, 2 *Leg. Obs.*, 170; *The People* agt. *Medical Soc. of Erie*, 24 *Barb.*, 577).

It is alleged that at a meeting of the institute, held on the 5th October, 1871, a resolution was adopted authorizing the trustees to purchase or lease the premises known as the Empire City Skating Rink, on the Third avenue.

The relator, with others, opposed the resolution at that meeting, prior to its adoption; and he, also, at the subsequent meeting, held on the 2d November, made an unsuccesful motion for an amendment of the minutes of the October meeting, relating to the action of the institute as to the rink.

At the meeting of November 2, 1871, a committee was appointed to investigate certain charges against the relators, presented at that meeting. From an examination of the charges it appears that he was accused of using language at the meeting in October " calculated to excite confusion and dissension among the members in violation of by-laws, art. xxii., sec. 16 ;" also that, at said meeting, " he did not, in speaking upon a certain question under debate, confine himself to the question, but wandered therefrom into indecorous

language;" also that he "imputed improper motives" in that debate to certain members, and accused members of being improperly influenced in the matter of the resolution as to the rink.

The investigating committee reported that they found the charges sustained. At a subsequent meeting a special committee was appointed, under the by-laws, to try the charges, and the relator was summoned to appear for trial. The trial was had, and the trial committee in May, 1872, reported in favor of expelling the relator from membership in the institute.

The resolution was laid over to the meeting held on the 6th June, 1872, when it was resolved to vote by white and black balls on the proposed resolution of expulsion.

The vote was accordingly taken in that manner, when 64 voted in favor and 15 opposed to the resolution, and it was declared to be adopted.

The question is whether or not these proceedings were in accordance with the by-laws of the corporation?

Art. xxiv., sec. 20 of the by-laws, reads as follows: "The rule in Cushing's Manual shall govern all debates, except in cases herein specially provided for."

Cushing's Manual points out the procedure when action of a deliberative body is taken for disorderly words. The member is called to order, and his words reduced to writing by the clerk. The assembly then determine whether the member has been guilty of any offense, and whether further proceedings to punish him shall be had. The following paragraph follows: " 232. If offensive words are not taken notice of at the time they are spoken, but the member is allowed to finish his speech, and then any other person speaks, or any other matter of business intervenes, before notice is taken of the words which gave offense, the words are not to be written down, nor the member using them censured. The rule is established for the common security of all the members, and to prevent the mistakes which must neces-

sarily happen, if words complained of are not immediately reduced to writing."

This rule was not observed in the proceedings against the relator. It does not appear that his supposed violation of the rules of debate, were noticed by any action at the October meeting, where the offensive words were spoken. The first action was at the meeting in November following. As the meeting at which the words were spoken did not take any action concerning them, it was not competent for a subsequent meeting to take action in regard to them.

There was no by-law of the corporation to authorize any action in the matter at such subsequent meeting. The rule quoted from Cushing's Manual applies to the case, and by the 20th section of article xxiv., it contains the law applicable to the offensive words of the relator. Section 6 of the same article, contains a provision, under which the relator might have been called to order at the time the words were spoken; the penalty for which would have been that the relator should take his seat, provided the presiding officer declared him to be out of order.

The same section contains further provisions as to the course of proceeding in case a member thus pronounced out of order, should refuse to take his seat. But the return of the respondents does not set up that the relator was called to order, and refused to take his seat after being declared out of order; and it shows that the proceedings touching the relator, were not of that character and are not protected by the sixth section of article xxiv.

It is clear that the proceedings against the relator leading to his trial and expulsion, and which began in the November meeting, were unauthorized by the by-laws of the corporation, and his expulsion was therefore improper.

The motion for a mandamus must be granted.